Law Library

IN THE SUPERIOR COURT OF GUAM

2012 FEB 24 AM 8: 47

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM152-11 |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) (Motion to Dismiss) |
| INSIZE ROWON, | ) |
| | ) |
| Defendant.) | |

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on April 10, 2010 and given a notice to appear ("NTA") with a date of March 30, 2011. On February 9, 2011, the Complaint was filed, but no summons was issued[2]. *Id.* at ¶ 7. On March 31, 2011, Magistrate Court recommended a summons be reissued

---

[1] This holding is hereinafter referred to as the "60 day rule."

[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). Also, currently, all persons arrested for DUI charge are

issued, due to the Defendant not appearing at the noticed hearing. Summons was issued on April 6, 2011, for an arraignment scheduled for May 18, 2011, but the Summons was not served on Defendant. A second Summons was issued on May 31, 2011 for an arraignment scheduled for June 29, 2011. On June 30, 2011, Magistrate Court recommended a bench warrant be issued, due to the Defendant not appearing at the noticed hearing. A Bench Warrant was issued on July 1, 2011 and served on the Defendant on July 6, 2011. The Court did not arraign Defendant on July 6, 2011; instead set his arraignment for July 13, 2011. This Court appointed Defendant representation on July 13, 2011, and set the arraignment for August 10, 2011. Defendant was arraigned after one hundred eight-two (182) days had passed from the filing of the Complaint.

The time between the Complaint and the first appearance on July 6, 2011 does violate the 60 day rule announced in *Rasauo II*. The Court notes that the People concede that there is no good cause for the delay between the filing of the Complaint and the NTA date forty-nine (49) days later. This amount of delay does not violate the 60 day rule announced in *Rasauo II*; thus the Court will review the other delays to determine if the time after April 11, 2011[3] constitutes good cause or if this case must be dismissed for the 60 day rule violation.

First, the Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[4] is good cause. Therefore, the delay of arraignment from March 30, 2011 to July 6, 2011 caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980)). The Defendant failed to appear at the hearing set by the NTA as well as a hearing set on a Summons. The Court acknowledges that Defendant did not receive the Summons dated April 6, 2011. Nonetheless, since it is presumed that the marshals made good faith efforts to serve the Defendant and notify him of his arraignment hearing, the Court finds

---

brought before a magistrate for a probable cause determination prior to being released; therefore a NTA is not issued.

[3] The sixtieth day falls on Sunday, April 10, 2011; thus pursuant to 8 GCA § 1.25(a) the sixtieth day is calculated as April 11, 2011.

[4] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.

good cause for this delay. *See People v. Rock*, 403 N.Y.S. 2d 110 (N.Y.A.D. 1978); *Carrier v. State*, 832 S.W.2d 269 (Ark. App. 1992).

Next, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing arraignment with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet and confer with counsel is good cause[5]. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case. The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused as good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time

---

[5] This issue was raised orally by other Defense attorneys and Defendant orally joined, but this argument is not raised in the written Motion.

provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[6]. 8 GCA § 80.50(a). Therefore, the Court finds that twenty-eight (28) days is not an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Thus, the delay in this case is due to allowing Defendant time to meet and confer with counsel prior to arraignment is reasonable and constitutes good cause.

There are one hundred eight-two (182) days between the filing of the Complaint and Defendant's arraignment. The one hundred forty-seven (147) days between the filing of the Complaint and Defendant's first appearance violate the 60 day rule; however, the Court finds good cause for the delays caused by Defendant. As indicated above, the twenty-eight (28) days between Defendant's first appearance and Defendant's actual arraignment is not an unreasonable delay and the Court finds that good cause is shown. *Rasauo*, 2011 Guam 14 ¶ 14. Since there is good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is DENIED. A criminal trial setting shall occur on February 27, 2012 at 9:30 a.m.

**IT IS SO ORDERED** this 24 of February, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 2 4 2012

Glanric J. Mendiola
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

---

[6] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.